UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| HARRY T. MCCOLLUM,<br><br>                     Plaintiff,<br><br>          vs.<br><br>DONALD A. OSSENFORT,<br><br>                     Defendant. | 5:21-CV-05079-KES<br><br><br>ORDER DENYING MOTION TO DISMISS AND ORDERING BRIEFING ON ATTORNEY'S FEES |

Defendant, Donald Ossenfort, moves to dismiss this action with prejudice and for reasonable fees and costs in bringing the motion under Federal Rule of Civil Procedure 37. *See* Docket 19. Plaintiff, Harry McCollum, opposes this motion. *See* Docket 22. After considering the record and the parties' submissions, the court issues the following order.

## I.    Procedural Background

The discovery issue in dispute first began on May 25, 2022, when Ossenfort filed his First Set of Interrogatories and Request for Production. Docket 14 at 1. In this request, Ossenfort sought, in relevant part, all medical records from any treatment that McCollum underwent in connection with any medical conditions claimed to have resulted from defendant's alleged negligence. *See* Docket 16-4 at 11-12. McCollum's response was due June 24, 2022. Docket 15 at 1. McCollum did not produce any responsive documentation to this request as of June 24, 2022.

On January 25, 2023, McCollum's counsel, Jay Shultz, told Ossenfort's counsel, Heather Bogard, that Shultz was waiting to receive medical records from seven different providers. *See* Docket 21-2 at 1. Bogard responded the same day, requesting that Shultz forward to her the requests Shultz sent. Docket 21-3. The record does not contain any evidence that Shultz forwarded his requests.

On February 1, 2023, Ossenfort moved to compel McCollum to produce the medical records. Docket 14. McCollum did not respond or produce any documentation. On February 24, 2023, Ossenfort filed an amended motion to compel, pointing out that McCollum failed to object to Ossenfort's original motion to compel. Docket 17. The court granted Ossenfort's motion to compel on April 4, 2023, and ordered McCollum to produce the responsive documents by May 3, 2023. Docket 18.

On May 3, 2023, the deadline for complying with the court's order, McCollum produced records from one provider (out of seven). Docket 21-4. The next day, May 4, 2023, McCollum produced records from another provider. Docket 21-5. On May 19, 2023, McCollum produced records from a third provider. Docket 21-6.

Having less than half of the responsive documents, Ossenfort filed the instant motion, moving to dismiss this action under Rule 37. *See* Docket 19; Docket 20 at 1-2. Ossenfort acknowledges that upon information and belief, McCollum produced all medical records to Ossenfort as of June 23, 2023. Docket 23 at 1.

## II.    Discussion

Under Federal Rule of Civil Procedure 37(b)(2), a district court may impose a wide range of sanctions in the event a party fails to comply with a court order. These sanctions include:

> (i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii)   striking pleadings in whole or in part;
>
> (iv)    staying further proceedings until the order is obeyed;
>
> (v)     dismissing the action or proceeding in whole or in part;
>
> (vi)    rendering a default judgment against the disobedient party; or
>
> (vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

While the court ordinarily has broad discretion to determine an appropriate sanction under Rule 37, such discretion is not absolute, but rather "narrows as the severity of the sanction or remedy it elects increases[.]" *Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011) (quoting *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008)). Any sanction imposed under Rule 37 must be "just." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982). "Dismissal under Rule 37 is permitted only where there is an order compelling discovery, a willful violation of the order, and prejudice." *Burgett v. Gen. Store No Two Inc.*, 727 Fed.Appx. 898, 900 (8th Cir. 2018). "The sanction of dismissal is among the harshest of sanctions, and there is a strong policy

3

favoring a trial on the merits and against depriving a party of his day in court."
*Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014) (quotations omitted);
*see also Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993) (recognizing a
"judicial preference for adjudication on the merits"). Keeping in mind that "the
opportunity to be heard is a litigant's most precious right and should sparingly
be denied[,]" *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (quote
omitted) (cleaned up), "the court must investigate whether a sanction less
extreme than dismissal would suffice, unless the party's failure was deliberate
or in bad faith." *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir.
1992).

Here, the record shows that Ossenfort failed to fully comply with the
court's discovery order issued on April 4, 2023, requiring Ossenfort to provide
all medical records to McCollum by May 3, 2023. *See* Docket 18; Docket 21-5
(May 4, 2023); Docket 21-6 (May 19, 2023); Docket 23 at 1 (June 15, 2023 and
June 23, 2023). McCollum acknowledges the delay but argues that it has
"largely [been] due to the fact that Mr. McCollum resides in Tuscaloosa,
Alabama and that is where his various medical providers are located." Docket
22 at 1. Furthermore, McCollum points to the large volume of records as being
a reason for delay because the providers generally do not use electronic mail to
deliver medical records. *Id.* at 1-2.

The court credits this explanation and thus finds McCollum's non-
compliance was not in bad faith or willful. On May 3, 2023, McCollum
produced the records he had access to, and continued to send the records as

4

he received them. *See* Docket 21-4; Docket 21-5; Docket 21-6; Docket 23 at 1-2. By June 23, 2023, roughly a month and a half past the court's May 3, 2023 deadline, McCollum had produced all of the required medical records. *See* Docket 23 at 1-2.

This case is readily distinguishable from *Daniel v. Williams*, 2018 WL 3819039 (E.D. Mo. August 10, 2018), a case Ossenfort relies on. *See* Docket 20 at 2-3. In *Daniel*, the plaintiff had ignored two court orders compelling the plaintiff to respond to defendants' discovery requests, with over six months having passed since the first order and over two months since the second order. *See Daniel*, 2018 WL 3819039, at *2. In the first order, the court warned Ossenfort that failure to comply with the order could result in sanctions under Federal Rule of Civil Procedure 37. *Id.* In the second order, the court explicitly warned the plaintiff that failure to comply would result in dismissal of the action. *Id.* The plaintiff also never explained why he had not responded. *Id.*

Here, unlike in *Daniel*, McCollum complied within two months of the court's order and provided an explanation for the delay that is consistent with the record. *See* Docket 23 at 1-2; Docket 22 at 1-2. Further, while the court warned McCollum that failure to comply with the April 4, 2023 order may result in sanctions imposed under Federal Rule of Civil Procedure 37, the court did not explicitly warn that dismissal would result. Docket 18 at 2. The circumstances here differ significantly from those in *Daniel*. The court finds that dismissal is not appropriate here. *See Avionic*, 957 F.2d at 558 (requiring

court to consider whether non-compliance was willful or deliberate when deciding whether dismissal is appropriate).

The court recognizes that Ossenfort has suffered some prejudice in not being able to evaluate the evidence and prepare a defense. *See id.* at 559 (recognizing prejudice in the discovery context where adversary's failure to provide discovery impaired litigant's ability to assess facts). But the court recently extended the discovery deadlines and dispositive motions deadlines, allowing Ossenfort additional time to litigate the case. *See* Docket 28.

Additionally, "[i]nstead of or in addition to the orders [contained in Fed. R. Civ. P. 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). With respect to attorney's fees, "Rule 37, interpreted consistent with its purposes, authorizes an award encompassing all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly." *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1012 (8th Cir. 1993) (quotation omitted). By its terms, if a party has violated a discovery order, Rule 37(b)(2)(A) requires imposition of attorney's fees unless the violation was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Here, although the court found McCollum's explanations sufficient to show that McCollum did not act willfully or in bad faith, the court is

6

nonetheless troubled by Shultz's failure to communicate with Bogard regarding discovery issues. For example, on January 25, 2023, Bogard requested, reasonably so, that Shultz forward her the requests that Shultz made for McCollum's medical records. *See* Docket 21-3. The record shows that at no point did Shultz respond to such request, even after the May 3, 2023 court-imposed discovery deadline had passed. *See* Docket 18. Based on the record, it appears that the first time that Shultz provided any explanation as to why he was providing late discovery responses was in his opposition to Ossenfort's instant motion to dismiss. McCollum also failed to file a motion to extend the court-imposed deadline or explain to the court the logistical difficulties surrounding out-of-state medical records. McCollum's explanations may be sufficient to avoid dismissal, but the court exercises its wide discretion and finds that his failure to comply with the court's discovery order was not substantially justified under Federal Rule of Civil Procedure 37(b)(2)(C). *See Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 720-21 (8th Cir. 2010) (reviewing district court's determination of whether offending party's discovery order violations were substantially justified for abuse of discretion). The court finds that imposing attorney's fees against McCollum's counsel is not unjust and is appropriate here.

## III.    Conclusion

Based on the above, it is ORDERED that

1)  Ossenfort's motion to dismiss this action is DENIED; and that

2) Ossenfort shall file a detailed accounting of the time spent preparing and litigating the instant motion as a result of McCollum's failure to comply with the court's April 4, 2023 discovery order. This memorandum shall set forth a reasonable amount of attorney's fees Ossenfort to which he believes he is entitled. McCollum shall have twenty-one (21) days to respond in opposition thereto. Ossenfort may file a reply within fourteen (14) days.

Dated November 21, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE